NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 09-1636

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Dec 02, 2009
LEONARD GREEN, Clerk

In re: FRANK J. LAWRENCE, JR.,

    Plaintiff-Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

O R D E R

Before: KENNEDY, SUHRHEINRICH, and GILMAN, Circuit Judges.

    Frank J. Lawrence, Jr., a Michigan resident proceeding pro se, appeals a district court's denial of his petition for admission to practice law in the United States District Court for the Western District of Michigan. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

    In 2009, Lawrence, a graduate from an accredited Michigan law school who passed the Michigan Bar Exam, but was denied admission to the State Bar of Michigan, sent a petition for admission to the admissions clerk of the Western District of Michigan, which was forwarded to the chief judge of the court. The district court judge denied the petition, explaining that, pursuant to the court's local rules, Lawrence was not eligible for admission to practice in the Western District because he had not been first admitted to practice law in any state. Lawrence now appeals, arguing that W.D. Mich. LCivR 83.1(c) is unconstitutional as applied to his case because it requires membership in a state bar as a condition to membership in the federal bar. He claims that he was

No. 09-1636
- 2 -

improperly excluded from the State Bar of Michigan because he exercised his First Amendment rights. For a history of the prior litigation between Lawrence and the State Bar, see *Lawrence v. Welch*, 531 F.3d 364 (6th Cir. 2008).

A federal district court has the "inherent authority" to deny an attorney's application for admission to practice before that court. *Stilley v. Bell*, 155 F. App'x 217, 219 (6th Cir. 2005) (citing *Application of Mosher*, 25 F.3d 397, 399-400 (6th Cir. 1994)); *accord In re Desilets*, 291 F.3d 925, 929 (6th Cir. 2002). Upon review, we find that the district court did not abuse its discretion. *See Stilley*, 155 F. App'x at 219.

Pursuant to W.D. Mich. LCivR 83.1(c)(i) and W.D. Mich. LCrR 57.1(c)(i), only a person who is "duly admitted to practice in a court of record of a state, and who is in active status and in good standing, may apply for admission to the bar of [the United States District Court for the Western District of Michigan] . . . ." Lawrence did not meet any of the above requirements. Lawrence's constitutionality argument lacks both persuasiveness and merit. *See In re Kandekore*, 140 F. App'x 848, 849-50 (11th Cir. 2005) (holding that the plaintiff's due process rights were not violated by a requirement of admission to the Florida bar before reinstatement to the federal bar).

Accordingly, we affirm the district court's denial of Lawrence's petition for admission. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.

ENTERED BY ORDER OF THE COURT

Leonard Green
Clerk