UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF THE PETITION
FOR ADMISSION OF FRANK L.
LAWRENCE, JR.
_____/

Case No. 1:17-mc-0098

**ORDER REGARDING
RE-APPLICATION FOR ADMISSION**

This matter is before the Court on Frank L. Lawrence, Jr.'s re-application for admission to practice in the Western District of Michigan. Mr. Lawrence was denied admission to this Court on February 2, 2018. *See In re Petition for Admission*, 2018 WL 10228439 (W.D. Mich. Feb. 2, 2018), *aff'd*, 761 F. App'x 467 (6th Cir. 2019), *cert. denied*, 140 S. Ct. 243 (Oct. 7, 2019). In reaching that decision, the undersigned three-judge panel found that, based on "a long history of engaging in inappropriate and unprofessional conduct that reflects, at the very least, very poor judgment," Mr. Lawrence had failed to demonstrate that he was " 'qualified to be entrusted with professional matters and to aid in the administration of justice as an attorney and officer of the Court.' " 2018 WL 10228439 at *15 (quoting W.D. Mich. LCivR 83.1(c)(ii)).[1] This Court also prohibited Mr. Lawrence from re-applying for admission for a period of three years. *See id.*

---

[1] The Court's local rules were amended in 2019. The applicable rules for attorney admission to practice in the Western District of Michigan are now found under Local General Rule 2.

Three years and a day later, Mr. Lawrence filed his pending application. Chief District Judge Robert J. Jonker referred this matter to the undersigned three-judge panel. (Order, Case No. 1:17-mc-0098, ECF No. 14).

Mr. Lawrence's response to two questions on the online application are incomplete. This is the result of the fact that he attempted to exceed the character limitation noted on the application.[2] He will be ordered to provide complete responses to these questions.

Moreover, given the Court's stated concerns in its denial of Mr. Lawrence's last application for admission, the undersigned judicial panel has determined that it needs Mr. Lawrence to supplement his application with additional information. This supplemental information will be considered, along with all other information in the record.

In his pending application, Mr. Lawrence implicitly acknowledges that he is admitted to practice in no state other than the District of Columbia, having been admitted to that bar on October 2, 2017. Given Mr. Lawrence's repeated, unsuccessful efforts to join the State Bar of Michigan – the conduct relating to which formed much of the bases of the Court's previous decision not to admit him to practice in this district – the Court requires additional information regarding any efforts to join the State Bar of Michigan, or any other state bar, after February 2, 2018.

---

[2] The Court's website advises applicants that their responses are limited to 255 characters.

This Court previously expressed concerns about Mr. Lawrence's past "tendency to attack decision makers whose decisions he does not like, both with respect to the State Bar and the Judiciary," noting his continued conduct in that regard, including the "spurious allegations" he made against this Court's Chief Judge. 2018 WL 10228439 at *15. These concerns remain, given Mr. Lawrence's re-assertion in his pending application of his unfounded accusation against the Chief Judge – an accusation belied by the record.[3] This accusation is particularly troubling, given that the record demonstrates that the undersigned three-judge panel made an independent determination to deny his previous application for admission.

Mr. Lawrence's pending application lists a number of federal district and appellate courts to which he is admitted. It is not evident from his application whether he actually has practiced law in any of those courts. Moreover, his application indicates that his bar status is "unavailable" with respect to the Sixth Circuit Court of Appeals, and that it is "unknown" with respect to the Tenth Circuit Court of Appeals and the district courts for the District of Columbia and the Eastern District of Michigan.

Accordingly,

---

[3] The Court previously noted that Mr. Lawrence's allegations, made through counsel, that the Chief Judge had engaged in "irregularities" in the handling of his 2017 application for admission were unfounded. *See* 2018 WL 10228439 at *2 (Noting, among other things, that Mr. Lawrence's assertion that the Chief Judge had received information from Mr. Lawrence's State Bar of Michigan confidential file was "erroneous.").

**IT IS ORDERED** that Mr. Lawrence shall, within thirty days of the date of this Order, provide written responses, along with any relevant document he wishes to provide, to the following:

1. Complete his answer to the question on the application as to whether he has ever been disbarred, censured, or denied admission to any bar or court.

2. Clarify his answer to the question on the application as to whether he has ever been convicted of a misdemeanor since the time he commenced his law school education, advising the Court of any misdemeanor conviction incurred after his 2002 conviction for "interfering with a police officer," providing the facts and circumstances of each such conviction.

3. Identify whether he has engaged in any effort to be admitted to the State Bar of Michigan since February 2, 2018 (this inquiry is not limited to the making of a formal application). As for any such effort, provide the following:

    a. the dates such efforts were undertaken;

    b. the nature of each such effort;

    c. the decision made regarding each such effort;

    d. any action taken to appeal or to seek reconsideration of that decision;

    e. any litigation relating to each such effort, including the jurisdiction and case number for each; and

    f. any action taken with respect to the individual members of the Character and Fitness Committee and the Board of Law Examiners.

4. Identify whether he has filed any application to be admitted to the Bar of any other state since February 2, 2018, and if so, provide the following:

    a. the date and jurisdiction of each application;

    b. the status of each application;

    c. the decision regarding each application;

    d. any appeal of a negative decision and the status of that appeal; and

    e. any litigation relating to each application.

5. Identify any case in which he has represented another person in any legal action, whether in federal or state court, or any federal or state administrative agency, and if so, provide for each the following:

    a. the nature of the action or proceeding;

    b. the court or agency involved;

    c. the party represented;

    d. the status of the action or proceeding;

    e. the style and case number; and

    f. the date in which his representation began.

6. Identify any legal education he has received since February 2, 2018.

7. Identify any course or seminar he has taken concerning professional ethics or professional responsibilities since February 2, 2018.

8. Provide a statement explaining why, in light of the Court's findings in its February 2, 2018, decision denying Mr. Lawrence's 2017 application for admission, the undersigned judicial panel should determine that he now possesses sufficiently "good moral and professional character" to practice before this Court. *See* W.D. MICH. LGENR 2.1(a)(iii).

**IT IS FURTHER ORDERED** that Mr. Lawrence shall certify the accuracy of his written responses under the penalties of perjury.

**IT IS FURTHER ORDERED** that Mr. Lawrence shall submit his written responses to this Court by first class mail addressed to the Honorable Janet T. Neff, 402 Federal Building & Courthouse, 110 Michigan Street, NW, Grand Rapids, Michigan, 49503.

**IT IS SO ORDERED**.

Dated: March 4, 2021 /s/Janet T. Neff
JANET T. NEFF
United States District Judge

Dated: March 4, 2021 /s/Scott W. Dales
SCOTT W. DALES
Chief United States Bankruptcy Judge

Dated: March 4, 2021 /s/Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge